UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

RUDOLPH BETANCOURT,
    Plaintiff,
vs.

T J HOTELS, LLC and GSS 06, INC
d/b/a DENNY'S #7374,
    Defendants.

## COMPLAINT

Plaintiff, RUDOLPH BETANCOURT (hereinafter "Plaintiff"), by his undersigned, hereby files this Complaint and sues Defendants, T J HOTELS, LLC and GSS 06, INC d/b/a DENNY'S #7374 (hereinafter "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## JURISDICTION & VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq.*, based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a restaurant located on or about T J HOTELS, LLC and GSS 06, INC d/b/a DENNY'S #7374 (hereinafter "Subject Premises").

3. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Middle District.

## PARTIES

4. Plaintiff, RUDOLPH BETANCOURT, is currently a resident of Fenwick, Michigan in the County of Montcalm, is *sui juris*, and is a qualified individual under the ADA and the FACBC.

5. Plaintiff is a double leg amputee who uses prosthetic devices or a wheelchair to ambulate, a Marine Corps veteran with several friends, family, and colleagues in Florida. Additionally, Plaintiff enjoys the Florida weather and the multiple sporting events, festivals, and events that occur throughout Florida.

6. Despite the physical limitations to which he is subjected as a result of his disability, Plaintiff continues to lead a full life, frequently travels, dines out, and is also an actively social and independent individual.

7. Defendant, T J HOTELS, LLC, is a LLC which is authorized to and does transact business in the State of Florida and within this judicial district.

8. Pursuant to the Brevard Property Appraiser's Office, Defendant, T J HOTELS, LLC, is the owner and/or operator/manager of the real property located on or 3500 Cheney Hwy Titusville, FL 32780 (hereinafter the "Subject Premises"). This is the building where the Subject Premises is located.

9. Defendant, GSS 06, INC, is a corporation which is authorized to and does transact business in the State of Florida and within this judicial district.

10. According to the Florida Department of Business and Professional Regulation, the Defendant, GSS 06, INC, was licensed on August 9, 2016 to provide Permanent Food Service and Seating and occupies 3500 Cheney Hwy Titusville, FL 32780 as a restaurant known as "DENNY'S #7374".

11. The Subject Premises is owned and/or operated by the Defendants and is a public accommodation required by law to comply with the ADA and ADAAG.

## FACTUAL ALLEGATIONS AND CLAIM

12. Plaintiff recently visited the Subject Premises on or about January 10, 2023 to dine and accessed to the extent possible, or attempted to access the Subject Premises and specific areas of the Subject Premises as described herein.

13. While visiting the Subject Premises, Plaintiff personally encountered or observed several barriers to access in violation of the ADA and ADAAG as detailed further herein at Paragraph #17. As a result, Plaintiff has been denied access to the Subject Premises and full and equal enjoyment of the goods and services offered therein because of his disability and will continue to be denied such access as a result of those barriers.

14. Said barriers to access at the Subject Premises endanger the safety of Plaintiff and all other individuals with disabilities, deny Plaintiff and others with disabilities equal access to the Subject Premises as to that of able-bodied persons, and causes social embarrassment due to the difficulties encountering such

barriers to access—a social embarrassment that would not occur if the Subject Premises was in compliance with the ADA and ADAAG.

15. In encountering the barriers to access at the Subject Premises, and suffering the resulting discrimination, endangerment, and embarrassment—the Plaintiff sustained a lawful injury-in-fact pursuant to the ADA.

16. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register to implement the requirements of the ADA. Public accommodations were required to conform to these regulations on or before March 15, 2012.[1]

17. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility include:

**Accessible Parking**

    i. The parking stall striping is dilapidated and in need of maintenance making it difficult for the plaintiff to identify the parking space as

---

[1] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specification for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

accessible. Violation: Car parking spaces shall be 96 inches wide minimum and van parking spaces shall be 132 inches wide minimum, shall be marked to define the width, and shall have a marked access aisle adjacent to the space complying with §502.3 of the 2010 ADA Standards. A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part pursuant to Title 28 CFR §36.211. Recommendation: Restripe the accessible parking space in accordance with §502.3.3 and §503.3.3 of the 2010 ADA Standards. Estimated Cost: $500.00  The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §502.2, §502.3.3 of the 2010 ADA Standards and 28 CFR §36.211. Vehicle Spaces, Marking, Maintenance of accessible features.

ii. One of the three parking spaces does not have an access aisle adjacent to the space making it difficult for the plaintiff to traverse. Violation: Car parking spaces shall be 96 inches wide minimum and van parking spaces shall be 132 inches wide minimum, shall be marked to define the width, and shall have a marked access aisle adjacent to the space complying with §502.3 of the 2010 ADA Standards. Recommendation:  accessible parking space in

accordance with §502.3.3 and §503.3.3 of the 2010 ADA Standards. Estimated Cost: $500.00  The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §502.2, §502.3.3 of the 2010 ADA Standards and 28 CFR §36.211. Vehicle Spaces, Marking, Access Aisle.

### **Entrance**

i. The plaintiff had difficulty traversing Denny's entrance as the floor mat is not securely attached to the floor as required. Violation: Carpet shall be securely attached to the surface of the floor in accordance with §302.2 of the 2010 ADA Standards. Recommendation: Provide a floor mat that is secured to the floor as required.  Estimated Cost: Less than $50.00.  The removal of this barrier is readily achievable in §302.2 of the 2010 ADA Standards. Floor and Ground Surface, Carpet.

ii. The plaintiff had difficulty identifying the facility as accessible as there is no signage with the international symbol of accessibility indicating accessibility posted at the main entrance. Violation: Designations - interior and exterior signage identifying permanent rooms and spaces shall comply with §703.5 and §703.7.2.1 of the 2010 ADA Standards. Recommendation: Provide signage with the international symbol of accessibility at the front entrance. Estimated

Cost: Less than $75.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §216.3 and §216.6 and of the 2010 ADA Standards. Signs.

**Dining Area**

    i. The dining area does not provide at least 5% of compliant dining surfaces making it difficult for the plaintiff to utilize. Violation: Where dining surfaces are provided for the consumption of food or drink, at least 5% of the seating spaces and standing spaces at the dining surfaces shall comply with §226.1 of the 2010 ADA Standards. Recommendation: Provide at least 5% of compliant dining tables as required by §226.1 and §902 of the 2010 ADA Standards. Estimated Cost: $300.00. The removal of this barrier is readily available as this barrier is cited as an example of readily achievable in §226.1 and §902 of the 2010 ADA Standards. Dining Surfaces and Work Surfaces.

    ii. The dining tables in the dining area do not provide compliant knee and toe clearance making it difficult for the plaintiff to utilize. Violation: Space under an element between the finish floor or ground and 9 inches above the finish floor shall extend 17 inches minimum and 25 inches maximum under an element required for compliant toe clearance pursuant to §306.2 and space under an element between 9 inches and 27 inches above the finish floor or

        ground and extending 25 inches maximum under an element at 9 inches above the finish floor or ground required knee clearance according to §306.3 and knee and toe clearance complying with 306 shall be provided complying with §902.2 of the 2010 ADA Standards. Recommendation: Provide at least 5% of dining tables with compliant knee and toe clearance as required by §306.2 and §306.3 of the 2010 ADA Standards. Estimated Cost: $300.00. The removal of this barrier is readily available as this barrier is cited as an example of readily achievable in §306.2 and §306.3 of the 2010 ADA Standards. Knee Clearance and Toe Clearance, Dining Surfaces and Work Surfaces.

iii.    The sales and service counter exceeds the 36 inches maximum in height making it difficult for the plaintiff to utilize. Violation: A portion of the counter surface that is 36 inches long minimum and 36 inches high maximum above the finish floor shall be provided. A clear floor or ground space complying with §305 shall be positioned for a parallel approach adjacent to the 36inch minimum length counter. Recommendation: Provide a lowered portion of the sales and service counter not to exceed 36 inches maximum in height and 36 inches long maximum. Estimated Cost: Less than $450.00. The removal of this barrier is readily achievable as this barrier is cited as

an example of readily achievable in §904.4 and §904.4.1 of the 2010 ADA Standards. Sales and Service Counters.

### Men's Public Accessible Restroom

i. The rear wall grab bar does not extend 12 inches minimum on one side and 24 inches on the other side of the toilet measured from the centerline of the toilet making it difficult for the plaintiff to utilize. Violation: The rear wall grab bar shall be 36 inches long minimum and extend from the centerline of the water closet 12 inches minimum on one side and 24 inches minimum on the other side as required by §604.5.2 of the 2010 ADA Standards. Recommendation: Reinstall the rear wall grab bar in the compliant location as required by §604.5.2 of the 2010 ADA Standards.  Estimated Cost: 250.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.5.2 of the 2010 ADA Standards. Grab Bars. Rear Wall.

ii. The plaintiff had to use caution when utilizing the lavatory due to the drainpipe and water supply lines underneath the lavatory being exposed and in need of insulation. Violation: The drainpipe and water supply lines underneath the lavatory shall not be exposed and fully insulated to comply with §606.5 of the 2010 ADA Standards. Recommendation: Install insulation around the exposed drain pipe

and water supply lines as required. Estimated Cost: Less than $100.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §606 of the 2010 ADA Standards. Lavatories.

iii. The trash receptacle is obstructing the clear floor space for a forward or side approach to the paper towel dispenser making it difficult for the plaintiff to utilize. Violation: The clear floor or ground space shall be 30 inches minimum by 48 inches minimum as required by §305.3; Unless otherwise specified, clear floor or ground space shall be positioned for either a forward or parallel approach to an element pursuant to §305.3 and §305.5 of the 2010 ADA Standards. Recommendation: Relocate the trash receptacle to a location that does not obstruct the clear floor space at any of the elements in the toilet room. Estimated Cost: Less than $25.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §305.3 and §305.5 of the 2010 ADA Standards. Clear Floor or Ground Space, Size, Position.

iv. The toilet compartment stall door is not self-closing making it difficult for the plaintiff to utilize. Violation: The toilet compartment stall door is not self-closing as required by §604.8.1.2 of the 2010 ADA Standards. Recommendation: Provide a compliant toilet compartment stall door with a self-closer as required by §604.8.

        Estimated Cost: $500.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.8 of the 2010 ADA Standards. Toilet Compartments. Doors.

v. The plaintiff had difficulty entering and exiting the toilet compartment stall because there are no door pulls on both sides of the stall door. Violation: A door pull complying with §404.2.7 shall be placed on both sides of the door near the latch as required by §604.8.1.2 of the 2010 ADA Standards. Recommendation: Install u-shaped loop handles on both sides of the stall door 34 inches minimum and 48 inches maximum above the finish floor. Estimated Cost: Less than $100.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.8 of the 2010 ADA Standards. Toilet Compartments. Doors.

vi. The flush control is located on the wrong side of the water closet making it difficult for the plaintiff to utilize. Violation: Flush controls shall be hand operated or automatic and comply with §309.4. Flush shall be located on the open side of the water closet. Recommendation: Install a new water closet with the flush handle located on the wide side as required. Estimated Cost: Less than $800.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.6 of the 2010 ADA Standards. Water Closets and Toilet Compartments.

**18.** The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility. Plaintiff requires an inspection of the Facility in order to photograph, measure and determine all of the discriminatory acts violating the ADA.

**19.** The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense pursuant to 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R, § 36.304.

**20.** The ADA defines "readily achievable as "easily accomplishable and without much difficult or expenses."42 U.S.C. §12181(9) Congress included in the ADA factors to be considered in evaluating whether removal of a barrier is "readily achievable." These factors are (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity, and (10)geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

Garthright-Dietrich v. Atlanta Landmarks, Inc., 452 F. 3d 1269, 1272-73 (11th Cir. 2006).

21. The obligation to engage in readily achievable barrier removal is a continuing one. Over time, barrier removal that initially was not readily achievable may later be required because of changed circumstances. DOJ ADA Title III Technical Assistance Manual, Section III-4.4400 Continuing obligation.

22. Because, *inter alia,* this facility was designed, constructed, and received its State Licensure on August 9, 2016, Plaintiff asserts that said ADA violations are intentional in nature and will not be corrected absent Court intervention, thus exacerbating the intentional legal harm and injury to which Plaintiff has been and will continue to be subjected in the future.

23. Plaintiff will undoubtedly return to the Subject Premises once the barriers to access have been remediated—not only to avail himself of the goods and services available at the Subject Premises, but to confirm and assure himself that the Subject Premises has been brought into compliance with the ADA and *maintained* in compliance with the ADA so that Plaintiff and other persons with disabilities will have equal access to the Subject Premises without fear of discrimination, endangerment of their safety, or social and public embarrassment.

24. Independent of his personal desire to access this place of public accommodation as required by law, Plaintiff is an advocate of the rights of similarly situated persons with disabilities and an advocate for asserting his own

civil rights. However, Plaintiff is deterred from returning to the Subject Premises as long as the Defendants continue to operate the Subject Premises in violation of the ADA and ADAAG.

25. Plaintiff has a realistic, credible, and continuing threat of discrimination by the Defendants as long as the Subject Premises remains in non-compliance with the ADA.

26. Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv) and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

27. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Subject Premises and the actions or inactions described herein.

28. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical

barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

**29.** Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**30.** Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

s/ Lauren N. Wassenberg
Lauren N. Wassenberg, Esq. (FBN: 34083)
*Attorney for Plaintiff*

Lauren N. Wassenberg & Associates, P.A.
33 SE 4th St., Ste. 100
Boca Raton, Florida 33432
(561) 571-0646
WassenbergL@gmail.com

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
   *Attorney for Plaintiff*
Glenn R. Goldstein & Associates, PLLC
8101 Biscayne Blvd., Ste. 504
Miami, Florida 33138
(305) 900-2373
GGoldstein@G2Legal.net